IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL T. WASIKOWSKI,  :
:
    Petitioner  :
: CIVIL NO. 1:10-CV-0252
:
    v.  : Hon. John E. Jones III
:
:
WARDEN DAVID J. EBBERT,  :
:
    Respondent.  :

## **MEMORANDUM**

November 18, 2010

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Michael T. Wasikowski ("Petitioner" or "Wasikowski"), an inmate presently confined at the Federal Correctional Institution Allenwood Medium ("FCI Allenwood Medium") in White Deer, Pennsylvania, initiated the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provisions of 28 U.S.C. § 2241. (Doc. 1.) He challenges the calculation by the Federal Bureau of Prisons ("BOP") of the federal sentence he currently is serving. Specifically, he contends that the BOP failed to credit his current sentence for the period of December 7, 2005, the date on which he was arrested on federal charges, through May 24, 2007, the date on which his federal sentence was imposed. For the reasons set forth below,

the Petition will be denied.

## I. PROCEDURAL BACKGROUND

Wasikowski filed the instant Petition (Doc. 1) and accompanying Memorandum of Law (Doc. 2) on February 2, 2010. Following his payment of the $5.00 filing fee on March 5, 2010, by Order dated March 18, 2010, we directed service of the Petition on Respondent. (Doc. 6.) On April 8, 2010, Respondent filed a Response (Doc. 7) and supporting Exhibits[1] (Doc. 7-2). On April 23, 2010, Petitioner filed a Reply. (Doc. 8.) Accordingly, the Petition is fully briefed and ripe for review.

## II. FACTUAL BACKGROUND

On May 27, 2003, the Michigan Department of Corrections released Wasikowski on parole. (Doc. 7-2 at 4, Farrar Decl., ¶ 5.) At the time of his release on parole, Wasikowski was serving a fifteen (15) year state sentence. (*Id.*)

On September 12, 2005, Wasikowski absconded supervision until he was arrested for state parole violations on December 5, 2005. (*Id.*) Since December 5,

---

[1] Respondent Ebbert filed the following documents in support of the Response: the Declaration of John A. Farrar, a Policy & Correspondence Specialist at the BOP's Designation and Sentence Computation Center in Grand Prairie, Texas; a letter from the Michigan Department of Corrections ("DOC") dated March 30, 2010; excerpts from Petitioner's Presentence Investigation Report; a United States Marshals Service ("USMS") Individual Custody and Detention Report; a Judgment in a Criminal Case entered by the United States District Court for the Eastern District of Michigan in Petitioner's case on May 24, 2007; a copy of a Michigan DOC Tracking Information System Profile for Petitioner; a BOP Public Information Data printout for Petitioner as of March 19, 2010; and a copy of BOP Program Statement 5880.28, *Sentence Computation Manual*, Chapter I, p. 20B.

2005, Wasikowski continually has served what remains of his fifteen (15) year Michigan state term of imprisonment.  (*See* Doc. 7-2 at 8, Michigan DOC letter dated 3/30/2010.)  Specifically, he served time in a state facility toward his Michigan state sentence from December 5, 2005 through January 27, 2009, the date of his release on parole, and he will continue to serve time on parole on that sentence until its expiration, which currently is set for January 27, 2011.  (*See id.*)

On December 7, 2005, two (2) days after his arrest by Michigan state authorities for state parole violations, the Bureau of Alcohol Tobacco and Firearms ("ATF") arrested Wasikowski for firearms violations, which became the basis for the instant federal offense.  (*Id.* ¶ 6; Doc. 7-2 at 10-15, Presentence Investigation Report Excerpts.)

The USMS temporarily borrowed Wasikowski from Michigan state custody via federal writs on three (3) occasions.  First, on September 21, 2006, Wasikowski was produced in federal court, and was returned to the primary custody of Michigan state authorities on September 27, 2006.  (Doc. 7-2 at 4-5, Farrar Decl., ¶ 7; Doc. 7-2 at 17, USMS Individual Custody and Detention Report.)

Next, on December 6, 2006, the USMS borrowed Wasikowski from state custody via a federal writ, and returned him to state custody the next day.  (Doc. 7-2 at 5, Farrar Decl., ¶ 8; Doc. 7-2 at 17.)

Lastly, on May 24, 2007, the USMS borrowed Wasikowski from state custody via federal writ for sentencing. (Doc. 7-2 at 5, Farrar Decl., ¶ 9; Doc. 7-2 at 17.) On that date, the United States District Court for the Eastern District of Michigan sentenced Wasikowski to an eighty-three (83) month term of imprisonment after he pled guilty to the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. 7-2 at 5, Farrar Decl., ¶ 9; Doc. 7-2 at 20-26, Judgment in a Criminal Case.) The Court directed that the eighty-three (83) month term of federal imprisonment run concurrent with Wasikowski's undischarged term of imprisonment with the Michigan Department of Corrections. (Doc. 7-2 at 21, Terms of Imprisonment.) On the same day as sentencing, Wasikowski was returned by the USMS to the primary custody of Michigan state authorities. (Doc. 7-2 at 5, Farrar Decl., ¶ 9; Doc. 7-2 at 17, USMS Individual Custody and Detention Report.)

On January 27, 2009, Wasikowski was released by the State of Michigan on parole. (Doc. 7-2 at 5, Farrar Decl., ¶ 10; Doc. 7-2 at 28, Michigan DOC Tracking Information System Profile.) On the same date, he was taken into custody by the USMS to serve his eighty-three (83) month federal sentence. (Doc. 7-2 at 5, Farrar Decl., ¶ 10; Doc. 7-2 at 17, USMS Individual Custody and Detention Report.)

The BOP has computed Wasikowski's eighty-three (83) month sentence as commencing on May 24, 2007, the date on which he was sentenced in federal court.

(Doc. 7-2 at 5, Farrar Decl., ¶ 11; Doc. 7-2 at 32-34, BOP Public Information Inmate Data as of 3/19/10.) As of the time of the filing of the Response, and as of the date of this Memorandum, as verified through the BOP Inmate Locator, Wasikowski's current projected release date, via good conduct time release, is June 2, 2013. (Doc. 7-2 at 5, Farrar Decl., ¶ 11; Doc. 7-2 at 32; BOP Inmate Locator.[2])

## III. DISCUSSION

A petition for writ for habeas corpus under § 2241 is the proper vehicle for relief "where the petitioner challenges the effects of events 'subsequent' to his sentence," *Gomori v. Arnold,* 533 F.2d 871, 874 (3d Cir. 1976), and where he challenges the execution of his sentence rather than its validity. *See United States v. Addonizio,* 442 U.S. 178, 185-88 (1979); *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir. 2001). Thus, Wasikowski has properly invoked section 2241 to challenge the determination of sentencing credit by the BOP and has properly done so in the district where he is imprisoned. *Barden v. Keohane,* 921 F.2d 476, 478-79 (3d Cir. 1990).

The Attorney General has delegated the authority to the Director of the BOP to compute federal sentences for offenses committed on or after November 1, 1987. *See* 18 U.S.C. § 3585; 28 C.F.R. § 0.96 (1992); *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). Computation of a federal sentence for offenses committed

---

[2]*See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp.

on or after November 1, 1987 is governed by 18 U.S.C. § 3585, and is comprised of two factors: (1) the date on which the federal sentence commences, and (2) the extent to which credit may be awarded for time spent in custody prior to the commencement of the sentence.

### A. Commencement of Sentence

Section 3585(a) provides as follows:

**(a) Commencement of sentence.** -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

A federal sentence cannot commence prior to the date it is imposed. 18 U.S.C. § 3585(a); *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998). Further, a federal sentence does not begin to run when a federal defendant is produced from state custody pursuant to a federal writ of habeas corpus *ad prosequendum. Ruggiano v. Reish*, 307 F.3d 121, 126 (3d Cir. 2002); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996). Time spent in custody of the United States Marshals Service pursuant to a federal writ of habeas corpus *ad prosequendum* from state custody is not federal custody in connection with the federal offense. *See Chambers*, 920 F. Supp. at 622; *see also Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); (Doc. 7-2 at

6

35, BOP Program Statement 5880.28, *Sentence Computation Manual*, Ch. I. p. 20B.) Rather, the jurisdiction which first arrested the offender has primary jurisdiction over him until it relinquishes jurisdiction, by, for example, bail release, dismissal of the state charges, parole release, or the expiration of the state sentence. *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998); *Chambers*, 920 F. Supp. at 622.

In the instant case, because a sentence cannot commence before it was imposed, May 24, 2007, the date Wasikowski's federal sentence was imposed, is the earliest possible date that his sentence could commence. *See* 18 U.S.C. § 3585(a); *Labeille-Soto*, 163 F.3d at 98. Thus, the BOP properly calculated Wasikowski's federal sentence as commencing on that date.

Moreover, Michigan state authorities retained primary jurisdiction over Wasikowski from the date of his arrest on state parole violations on December 5, 2005, until his release on parole on January 27, 2009. (*See* Doc. 7-2 at 17, USMS Individual Custody and Detention Report; Doc. 7-2 at 28-30, Michigan DOC Offender Tracking System Profile.) Therefore, on each occasion that Wasikowski was "borrowed" from state custody by the USMS (September 21, 2006, December 6, 2006, May 24, 2007) for purposes of appearing in federal court, he remained in the primary custody of the State of Michigan.

Because the State of Michigan retained primary jurisdiction, there is no merit to

7

Wasikowski's claim asserted both in his Memorandum of Law and Reply that he was mistakenly returned to state custody following his appearance in federal court on September 21, 2006.  (*See* Doc. 2 at 4; Doc. 8 at 2.)  Further, in light of the fact that the United States District Court for the Eastern District of Michigan directed that Wasikowski's federal sentence run concurrent with his undischarged term of imprisonment with the Michigan Department of Corrections (*see* Doc. 7-2 at 21, Terms of Imprisonment), the BOP properly designated the Michigan state facility for service of Wasikowski's federal sentence, thus allowing his federal sentence to begin on the date imposed.

## B. Prior Custody Credit

The second factor in the computation of a federal sentence is the extent to which credit may be awarded for time an inmate spent in custody prior to the commencement of his federal sentence.  Section 3585(b) provides as follows:

**(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

8

18 U.S.C. § 3585(b) (emphasis added.)

The last clause of section 3585 provides that time spent in custody cannot be credited toward a federal sentence if it already was credited toward a non-federal sentence. 18 U.S.C. § 3585(b); *see also Chambers*, 920 F. Supp. at 622. "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

In the case at hand, Wasikowski could only receive credit toward his federal sentence prior to the date of its commencement on May 24, 2007 if the time during which he was in official detention resulted from the same offense, and he has not already received credit for that time against another sentence. It is clear from the record that Wasikowski already has received credit for the time spent in official detention from December 7, 2005 through May 24, 2007 against his Michigan state parole revocation sentence. (*See* Doc. 7-2 at 8, Michigan DOC letter dated 3/30/2010.) Therefore, Wasikowski cannot receive a double credit for this time against the federal sentence he currently is serving. *See* 18 U.S.C. § 3585(b).

## IV. CONCLUSION

For the foregoing reasons, we conclude that the federal sentence Wasikowski

currently is serving has been correctly calculated by the BOP, and therefore, we will deny his Petition for Writ of Habeas Corpus. An appropriate Order will enter.